# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIANO JUAREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAFAEL VILLAFAN, et al., <br><br> Defendants. | Case No. 1:16-cv-00688-DAD-SAB <br><br> ORDER REQUIRING DEFENDANT DEMI AG. INC. TO SHOW CAUSE WHY ITS ANSWER SHOULD NOT BE STRICKEN <br><br> AUGUST 15, 2016 DEADLINE <br><br> (ECF No. 4) |

On May 13, 2016, Plaintiffs filed a complaint in this action. (ECF No. 1.) On June 3, 2016, Defendant Demi Ag. Inc. filed an answer to the complaint. (ECF No. 4.) The answer was signed and filed by Margarita Ortega, who states that Defendant Demi Ag. Inc. belongs to her, but there is no indication that she is an attorney representing Defendant Demi Ag. Inc.[1]

On June 7, 2016, the Court ordered Defendant Demi Ag. Inc. to retain counsel and have counsel appear in the case within thirty days. (ECF No. 5.) Defendant Demi Ag. Inc., a California corporation, was advised that it may not appear in propria persona. To date, no counsel has filed a notice of appearance on behalf of Defendant Demi Ag. Inc. Further, Defendant Demi Ag. Inc. has not asked for an extension of time in which to comply with the Court's June 7, 2016 order or filed any response to the Court's June 7, 2016 order.

Local Rule 183 provides that "[a] corporation or other entity may appear only by an attorney." See also U.S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir.

---
[1] Even if Ms. Ortega is an attorney, it may be a conflict of interest for her to represent Defendant Demi Ag. Inc.

1993) (citing <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201–02 (1993) (recognizing that a corporation is not permitted to appear in federal courts unless it is represented by counsel)). The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized . . . within the inherent power of the Court." Local Rule 110.

In the Court's June 7, 2016 order, Defendant Demi Ag. Inc. was warned that failure to have authorized counsel appear shall lead to sanctions at the discretion of the Court, including but not limited to the striking of the answer of Defendant Demi Ag. Inc. and the entry of default against Defendant Demi Ag. Inc. As Defendant Demi Ag. Inc. has failed to comply with the Court's June 7, 2016 order, Defendant Demi Ag. Inc. must show cause why its answer should not be stricken for its failure to comply with the Court's June 7, 2016 order. Defendant Demi Ag. Inc. is warned that its failure to timely comply with the instant order will result in the Court striking the June 3, 2016 answer of Defendant Demi Ag. Inc. Further, Defendant Demi Ag. Inc. is warned that failure to timely comply with this order may result in default being entered against it. Rule 55 provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Accordingly, IT IS HEREBY ORDERED that Defendant Demi Ag. Inc. shall show cause by August 15, 2016, why its answer should not be stricken for its failure to comply with the Court's June 7, 2016 order.

IT IS SO ORDERED.

Dated: __**July 13, 2016**__

UNITED STATES MAGISTRATE JUDGE