UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIANO JUAREZ et al.,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL VILLAFAN, DEMI AG. INC., and SANGHA SUNDIP SINGH,<br><br>Defendants. | No. 1:16-cv-00688-DAD-SAB<br><br>ORDER APPROVING SETTLEMENT OF PAGA CLAIMS<br><br>(Doc. No. 31) |

On July 5, 2017, plaintiffs and defendant Sangha Sundip Singh filed a joint application for approval of a settlement agreement between those parties and for the court to retain jurisdiction over that agreement. (Doc. No. 31.) A hearing on this matter was held August 15, 2017. Attorneys Aida S. Macedo and Estella M. Cisneros appeared on behalf of plaintiffs, and attorney Tracy A. Agrall appeared on behalf of defendant Singh. Having considered the parties' request and heard oral argument, and for the reasons set forth below, the court will grant the request for approval of settlement of plaintiffs' PAGA claims.

**BACKGROUND**

Plaintiffs commenced this action on May 13, 2016, alleging the following claims: (l) violation of the Fair Labor Standards Act ("FLSA"); (2) violation of the Migrant and Seasonal Agricultural Worker Protection Act; (3) failure to pay wages owed; (4) failure to pay minimum

1

wages; (5) liquidated damages for failure to pay minimum wage; (6) failure to pay overtime; (7) failure to provide wage statements; (8) failure to pay all wages when due; (9) failure to provide tools and equipment; (10) failure to allow inspection or copying of employment records; (11) failure to allow inspection or copying of personnel records; (12) failure to allow inspection under California Labor Code § 1695(a)(5); (13) violation of California Labor Code § 2810; (l4) violation of California Labor Code § 1695.7; (l5)Violation of California's Unfair Competition Law; and (16) violation of the Private Attorney General Act ("PAGA").  (Doc. No. 1.)  Plaintiffs and defendant Singh have now agreed to and executed a settlement agreement covering all of plaintiffs' claims, including their PAGA claim.  (*See* Doc. No. 31-1.)  The settlement agreement provides a total settlement amount of $25,000.00 for settlement of all claims, to be paid over a five-month period.  (*Id.* §§ I–II.)  This amount includes payment of $0.00 for claims brought under the FLSA and PAGA.  (*Id.* at 1.)  In exchange, defendant Singh is to be released from liability for all claims arising out of or related to the claims raised in this action.  (*Id.* § IV.)  The parties also note that plaintiffs plan to file an unopposed motion for entry of default judgment against the remaining defendants named in this action.  (*See id.* at 1.)

## LEGAL STANDARD

In 2003, the California Legislature enacted the Private Attorney General Act, California Labor Code §§ 2698 et seq., after declaring (i) that adequate financing of labor law enforcement was necessary to achieve maximum compliance; (ii) that staffing levels for state labor law enforcement agencies have declined and were unable to keep up with a growing labor market; (iii) that vigorous assessment and collection of civil penalties provides a meaningful deterrent to unlawful conduct; and (iv) that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to seek and recover civil penalties for Labor Code violations.  2003 Cal. Stat. 6629.  Under PAGA, an "aggrieved employee" may bring an action for civil penalties for labor code violations on behalf of herself and other current or former

/////

/////

/////

employees. Cal. Lab. Code § 2699(a).[1] A plaintiff suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009).

The PAGA statute requires trial courts to "review and approve" any settlement of PAGA claims. Cal. Lab. Code § 2699(*l*)(2).[2] In the absence of authority governing the standard of review of PAGA settlements, the LWDA provided some guidance in a recent case. *See* California Labor and Workforce Development Agency's Comments on Proposed PAGA Settlement, *O'Connor v. Uber Techs., Inc.*, No. 3:13-cv-03826-EMC (N.D. Cal. Jul. 29, 2016), ECF No. 736 at 2–3.[3] There, where both class action and PAGA claims were covered by a proposed settlement, the LWDA stressed that

> when a PAGA claim is settled, the relief provided for under the PAGA be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being "fundamentally fair, reasonable, and adequate" with reference to the public policies underlying the PAGA.

*Id.*; *see also* Order, *Salazar v. Sysco Cent. Cal., Inc.*, No. 1:15-cv-01758-DAD-SKO (E.D. Cal. Feb. 2, 2017), ECF No. 25 at 4 (citing the same with approval); *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (same).

Recognizing the distinct issues presented by class actions, this court is nevertheless persuaded by the LWDA's reasoning expressed in *O'Connor* and therefore adopts its proposed standard in evaluating the PAGA-related settlement agreement now before the court. Accordingly, the court will approve a settlement of PAGA claims upon a showing that the

---

[1] An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

[2] The proposed settlement must also be submitted to the California Labor and Workforce Development Agency ("LWDA") at the same time it is submitted to the court. *Id.*

[3] *See also id.* at 3 ("The LWDA is not aware any existing case law establishing a specific benchmark for PAGA settlements, either on their own terms or in relation to the recovery on other claims in the action.").

3

settlement terms (1) meet the statutory requirements set forth by PAGA, and (2) are fundamentally fair, reasonable, and adequate[4] in view of PAGA's public policy goals.

## DISCUSSION

Here, in accordance with the statute's requirements, the parties have submitted a copy of their settlement agreement to the LWDA. (*See* Doc. No. 31 at 2.) As noted above, the settlement agreement explicitly states that plaintiffs are not recovering any amounts for claims brought under PAGA. To date, the LWDA has not voiced its opposition or otherwise commented on the settlement in this case. Furthermore, at the hearing on this matter, plaintiffs represented that they believe they have been adequately compensated for parallel claims through the settlement agreement.[5] Under these circumstances, and in light of the total amount of monetary relief provided for under the settlement agreement as a whole, the court finds that the settlement agreement as it relates to plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA.

## CONCLUSION

Accordingly,

1. The parties' joint application for approval of the settlement agreement (Doc. No. 31) is granted;
2. The parties' settlement agreement is approved with respect to plaintiffs' PAGA claims;
3. Pursuant to California Labor Code § 2699(*l*), plaintiffs are directed to submit a copy of this order to the LWDA within ten days of the date of this order; and

---

[4] The court's determination as to fairness, reasonableness, and adequacy may involve a balancing of several factors including but not limited to the following: the strength of plaintiffs' claims; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; and the experience and views of counsel. *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

[5] Plaintiffs' counsel further noted that with this settlement, twenty-two of the aggrieved employees—fifteen in this litigation and seven in a separate action brought through the LWDA—will have obtained some form of relief with respect to their claims. An additional two to four aggrieved employees may exist, but to date, counsel has not been able to make contact with them.

4. Plaintiffs shall, by no later than October 6, 2017, file a motion for entry of default judgment against the remaining defendants, or alternatively, file a status report apprising the court of its intention to proceed in this action.[6]

IT IS SO ORDERED.

Dated: __**August 24, 2017**__           _/s/ Dale A. Drozd_
                                           UNITED STATES DISTRICT JUDGE

---

[6] The court will also retain jurisdiction over this action until at least October 6, 2017. To the extent any party believes it is necessary or appropriate for the court to retain continued jurisdiction over this action for the purposes of ensuring the parties have complied with the terms of the settlement agreement, they are directed to notify the court at that time.