# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIANO JUAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAFAEL VILLAFAN, et al.,<br><br>Defendants. | Case No. 1:16-cv-00688-DAD-SAB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING RE MOTION FOR DEFAULT JUDGMENT<br><br>DEADLINE: NOVEMBER 29, 2017 |

Currently before the Court is Plaintiffs' motion for default judgment against Defendants Rafael Villafan ("Defendant Villafan") and Demi Ag, Inc. ("Defendant Demi Ag") ("defaulting defendants") which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 22, 2017, the Court held a hearing on the motion for default judgment. Estella Cisneros appeared on behalf of Plaintiffs. Defendants did not appear.[1]

///
///

---

[1] The Court notes that Plaintiffs have settled their claims against Defendant Sangha Sundip Singh ("Defendant Singh"). (ECF No. 28.) On November 20, 2017, Plaintiffs filed a notice of voluntary dismissal and an amended document where they include a certificate of service. (ECF Nos. 42, 43.) The notice of voluntary dismissal is only signed by Plaintiffs' counsel and is not signed by Defendant Singh's counsel. At the hearing, Plaintiffs stated that they will submit a stipulation of dismissal of Defendant Singh. See Fed. R. Civ. P. 41(a)(1)(A)(ii) ("plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.")

1

# I.
# BACKGROUND

Plaintiffs commenced this action on May 13, 2016. (ECF No. 1.) Defendant Villafan has not answered the complaint. Defendant Demi Ag answered the complaint on June 3, 2016. (ECF No. 4.) However, the answer was filed by the owner of the business, Margarita Ortega, and not a lawyer. On June 7, 2016, the Court issued an order requiring Defendant Demi Ag to retain counsel and have said counsel appear in the matter. (ECF No. 5.) When Defendant Demi Ag did not respond to the June 7, 2016 order, the Court issued an order requiring Defendant Demi Ag to show cause why its answer should not be stricken for its failure to comply with the Court's June 7, 2016 order. (ECF No. 12.) Defendant Demi Ag did not respond to the Court's order to show cause. Therefore, on August 23, 2016, the Court struck Defendant Demi Ag's answer from the record. (ECF No. 14.)

On September 27, 2016, Plaintiffs filed an amended request to enter default against Defendants Villafan and Demi Ag. (ECF No. 16.) On that same day, the Court entered default against these defendants. (ECF Nos. 17, 18.)

Plaintiffs filed a first amended complaint on October 6, 2016. (First Amended Complaint ("FAC") ¶ 29, ECF No. 20-2.)

On October 6, 2017, Plaintiffs filed a motion for default judgment against Defendant Villafan and Defendant Demi Ag. (ECF No. 37.) Plaintiffs' first amended complaint also named Rafael Villafan DBA Demi Ag. Inc. as a defendant in addition to Defendant Villafan. At the hearing on the motion for default judgment, Plaintiffs stated that they are not seeking default judgment against Rafael Villafan DBA Demi Ag. Inc.

# II.
# DISCUSSION

During the hearing on the motion for default judgment, Plaintiffs requested that they be allowed to file supplemental briefing to address some of the Court's questions. The Court finds that supplemental briefing would aid the Court in its analysis of Plaintiff's motion for default judgment, and therefore, the Court directs Plaintiffs to file supplemental briefing addressing the

following issues.

   1. <u>Attorneys' Fees and Costs</u>

Plaintiffs shall address why the Court should award Blanca Banuelos, Estella Cisneros, Anali Cortez, and Cynthia Rice their requested hourly rates for attorneys' fees. While Plaintiffs attach an accounting of the attorneys' fees and costs Plaintiffs have incurred to date in this action that states an hourly rate for each attorney who has worked on the matter, there is no information justifying the hourly rates that are sought.

An attorney's hourly rate is calculated according to the prevailing market rates in the relevant community and should comport with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. <u>Shirrod v. Office of Workers' Compensation Programs</u>, 809 F.3d 1082, 1086 (9th Cir. 2015). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs seek attorneys' fees and costs for some tasks that appear to only involve Defendant Singh. Plaintiffs seek the total attorneys' fees and costs incurred in this action minus the amount received from Defendant Singh. Plaintiffs have not provided any authority to support this as an appropriate calculation for attorneys' fees and costs in this matter. It is unclear to the Court why Plaintiffs should be entitled to attorneys' fees and costs against the defaulting defendants for tasks that occurred after they defaulted, including but not limited to Defendant Singh's deposition, written discovery with Defendant Singh, and the settlement conference with Defendant Singh.

   2. <u>Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") Claim</u>

Plaintiffs' second claim is under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and lists four violations. Pursuant to 29 U.S.C. § 1832(c), Plaintiffs allege a violation for failure to comply with working arrangements. Plaintiffs allege that:

Defendants intentionally violated the rights of Plaintiffs and other employees

under the AWPA, *inter alia*, by:

. . .

> Failing to comply with the working arrangements made by the Defendants with Plaintiffs including without limitation the agreement to comply with state laws regarding payment of wages, deductions and withholdings, and reporting and posting requirements in violation of 29 U.S.C. § 1832(c).

(FAC ¶ 57.)

However, in another paragraph of the first amended complaint, Plaintiffs state, "[a]s an implied condition of employment, Defendants promised to pay Plaintiffs and other current and former employees' wages in compliance with California and federal law." (FAC ¶ 40.)

While counsel may have addressed the issue, Plaintiffs can provide additional clarification if they wish to allege that the working arrangements were actually communicated from the employers to the employees. Based on the allegation that there was "an implied condition of employment," it appears that Plaintiffs may not be alleging that the working arrangements were actually communicated to Plaintiffs. It is unclear to the Court whether terms that were not actually communicated between employer and employee are sufficient for working arrangements under AWPA and what suffices for "communication" between employer and employee. Therefore, it is unclear whether Plaintiffs have sufficiently pled this claim.

In addition, some of the AWPA claims, such as the failure to pay Plaintiffs their wages owed when due, failure to include the basis on which wages are paid, and the failure to comply with the working arrangements are closely related to other claims that Plaintiffs are seeking to recover on. It is unclear to the Court why the Court should not use its discretion to reduce the amount of recovery for these AWPA claims because of double recovery.

3.  Piece-rate earnings

Plaintiffs submit an exhibit with their motion for default judgment that is a spreadsheet detailing the aggregate amount of wages and penalties due to all Plaintiffs. (Exhibit U to Estella Cisneros' October 6, 2017 declaration, ECF No. 38-21.) This spreadsheet has a column titled "regular piecerate wages." (Id.) It is unclear what claim(s) Plaintiffs are seeking to recover the piece-rate earnings for.

In the motion for default judgment, Plaintiffs set out the California statutes for minimum

wage, liquidated damages for failure to pay minimum wage, and overtime wage. (ECF No. 37-2 at 23.)[2] Plaintiffs then state, "[a]s Plaintiffs were paid zero for the work they performed for Defendants, they are owed their piece-rate earnings or the hourly minimum wage per hour, whichever is greater." (Id.) Therefore, it appears that Plaintiffs are seeking to recover their piece-rate earnings based on their fourth cause of action, failure to pay minimum wages under California law. It is unclear to the Court that Plaintiffs are statutorily entitled to recover their piece-rate earnings under the fourth cause of action, failure to pay minimum wages under California law. If Plaintiffs are seeking the piece-rate earnings under this fourth cause of action, they shall provide authority that supports that theory. If Plaintiffs are seeking the piece-rate earnings under a different cause of action, they shall explain which cause of action, how they have sufficiently pled that cause of action, and how they are entitled to recover piece-rate wages for that cause of action. Plaintiffs shall provide authority to support their position.

    4.    <u>Failure to Provide Tools and Equipment Claim</u>

In the eighth claim, failure to provide tools and equipment, one plaintiff seeks reimbursement for a knife file and one plaintiff seeks reimbursement for water. In Plaintiffs' complaint, they do not list a knife file and water as necessary tools and equipment. Plaintiffs state that "Defendants were required to provide and maintain tools and equipment necessary to the performance of the job, including but not limited to bins, knives, and gloves for Plaintiffs pursuant to IWC Wage Order 14, 8 Cal. Code of Regs. § 11140." (FAC ¶ 83.) Plaintiffs also alleged that "Defendants failed to provide all necessary tools and equipment, including bins, knives and gloves" and that "Plaintiffs each had to purchase tools and equipment necessary to the performance of their job, including bins, knives and gloves." (FAC ¶¶ 83, 85.)

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977); <u>Garamendi v. Henin</u>, 683 F.3d 1069, 1080 (9th Cir. 2012). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of</u>

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

North America, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiffs shall explain and provide any authority or additional argument as to why one plaintiff should be reimbursed for a knife file and why one plaintiff should be reimbursed for water when a knife file and water were not specified in the complaint as necessary for the job.

### 5. Waiting Time Penalties Under Section 203 of the California Labor Code

Plaintiffs seek waiting time penalties under Section 203 of the California Labor Code in their ninth cause of action. Plaintiffs state the total waiting time penalties for each worker in the spreadsheet detailing the aggregate amount of wages and penalties due to all Plaintiffs. (Exhibit U to Estella Cisneros' October 6, 2017 declaration, ECF No. 38-21.) Plaintiffs state in the motion for default judgment that they are entitled to recover waiting time penalties at their average daily rate for thirty days. However, Plaintiffs have not explained how they calculated the average daily rate of pay for each worker. Plaintiffs shall explain how they calculated the average daily rate of pay for each worker for purposes of the waiting time penalties under Section 203 of the California Labor Code.

### 6. Private Attorney General Act ("PAGA") Claim

Plaintiffs' sixteenth cause of action alleges a claim under the Private Attorney General Act (PAGA) based on violations of the California Labor Code.

Pursuant to PAGA, any provision of the California Labor Code that provides for the assessment and collection of a civil penalty by the California Labor and Workforce Development Agency ("LWDA") for a violation of the Labor Code may be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees. Cal. Lab. Code § 2699(a).

On August 25, 2017, United States District Judge Dale A. Drozd approved the settlement agreement between Plaintiffs and Defendant Singh with respect to Plaintiffs' PAGA claims. (ECF No. 36.) In that order, Judge Drozd noted that "the settlement agreement explicitly states that plaintiffs are not recovering any amounts for claims brought under PAGA" and that "at the hearing on this matter, plaintiffs represented that they believe that they have been adequately compensated for parallel claims through the settlement agreement." (ECF No. 36 at 4.) Judge

Drozd found that "[u]nder these circumstances, and in light of the total amount of monetary relief provided for under the settlement agreement as a whole, the court finds that the settlement agreement as it relates to plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA." (Id.) Plaintiffs shall provide to the Court any authority or additional argument to the Court regarding whether the order approving the settlement of PAGA claims has any preclusive effect on Plaintiffs recovering under the PAGA claims against the defaulting defendants, especially in light of Plaintiffs representation during the hearing on the approval of the PAGA claims that they believe that they have been adequately compensated for parallel claims.

In Plaintiffs' motion for default judgment they state that they can recover PAGA penalties under Cal. Lab. Code § 1194 for failure to pay minimum wage, Cal. Lab. Code § 210 for failure to pay wages due, and Cal. Lab. Code § 226.3 for failure to provide wage statements. It is unclear where plaintiffs have pled in the sixteenth cause of action the specific sections that they are seeking to recover PAGA penalties for in their motion for default judgment.

For the PAGA claim based on Section 226.3 of the California Labor Code, Plaintiffs are each seeking $100 in civil penalties for this violation through the "default" civil penalties provision in Cal. Lab. Code § 2699(f). Section 2699(f) is for all provisions of the Labor Code except those for which a civil penalty is specifically provided. However, the language of Section 226.3 provides for a civil penalty of $250:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

Cal. Lab. Code § 226.3. Therefore, Plaintiffs shall explain as to whether the Court can award $100 per employee under the "default" civil penalties provision of Cal. Lab. Code § 2699(f) for Cal. Labor Code § 226.3.

///

///

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall file supplemental briefing addressing the issues in this order on or before November 29, 2017.

IT IS SO ORDERED.

Dated: **November 22, 2017**

UNITED STATES MAGISTRATE JUDGE