# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIANO JUAREZ, et al., | Case No. 1:16-cv-00688-DAD-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |
| v. | |
| RAFAEL VILLAFAN, et al., | (ECF Nos. 37, 38, 39, 50) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiffs' motion for default judgment against Defendants Rafael Villafan ("Defendant Villafan") and Demi Ag, Inc. ("Defendant Demi Ag"). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 40.)

On November 22, 2017, the Court held a hearing on the motion. Estella Cisneros appeared on behalf of Plaintiffs. Defendants did not appear.[1] Having considered the moving papers, the declarations and exhibits attached thereto, arguments presented at the November 22, 2017 hearing, Plaintiffs' December 8, 2017 supplemental briefing, as well as the Court's file, the Court issues the following findings and recommendations.

---

[1] The Court notes that only Defendant Demi Ag, Inc. was served with a copy of the motion for default judgment and the minute order continuing the hearing to November 22, 2017, before the undersigned. Defendant Villafan has not appeared, and pursuant to Rule 55, Plaintiffs were not required to serve him with a copy of the motion for default judgment.

# I.

## BACKGROUND

Plaintiffs are a group of workers who were employed by Defendants pursuant to an oral contract of employment in Fresno County. (First Amended Complaint ("FAC") ¶ 29, ECF No. 20-2.) Plaintiffs were hired to pick grapes from September 11, 2015 through September 15, 2015. (FAC at ¶¶ 9-23.)

Defendant Demi Ag is a California corporation. (Id. ¶ 25.) Defendants Villafan and Demi Ag were operating as farm labor contractors without a license as required by Cal. Labor Code § 1683(a) and/or as labor contractors under Cal. Labor Code § 2810.3(b). (Id. ¶¶ 30, 32-33.) Plaintiffs allege that Defendant Sangha Sundip Singh ("Defendant Singh") contracted with Defendant Villafan, Defendant Demi Ag, and/or Defendant Rafael Villafan DBA Demi Ag, Inc. to supply workers to perform agricultural work on his vineyards in Selma. (Id. ¶¶ 27, 34.)

Plaintiffs filed this action on May 13, 2016, alleging violation of the Fair Labor Standards Act ("the FLSA"); violation of the Migrant and Seasonal Agricultural Worker Protection Act ("the AWPA"); and California labor law; California's Unfair Competition Law; and the Private Attorney General Act ("PAGA"). (ECF No. 1.)

Defendant Villafan has not answered the complaint. Defendant Demi Ag answered the complaint on June 3, 2016. (ECF No. 4.) However, the answer was filed by the owner of the business, Margarita Ortega, and not a lawyer. On June 7, 2016, the Court issued an order requiring Defendant Demi Ag to retain counsel and have said counsel appear in the matter. (ECF No. 5.) When Defendant Demi Ag did not respond to the June 7, 2016 order, the Court issued an order requiring Defendant Demi Ag to show cause why its answer should not be stricken for its failure to comply with the Court's June 7, 2016 order. (ECF No. 12.) Defendant Demi Ag did not respond to the Court's order to show cause. Therefore, on August 23, 2016, the Court struck Defendant Demi Ag's answer from the record. (ECF No. 14.)

On September 27, 2016, Plaintiffs filed an amended request to enter default against Defendants Villafan and Demi Ag ("defaulting defendants"). (ECF No. 16.) On that same day, the Court entered default against these defendants. (ECF Nos. 17, 18.) On October 6, 2016,

1  Plaintiffs filed a first amended complaint against Defendants Villafan, Demi Ag and Singh.

2  (ECF No. 20.)  On May 4, 2017, Plaintiffs settled with Defendant Singh.  (ECF No. 28.)

3      On October 6, 2017, Plaintiffs filed a motion for default judgment against Defendants

4  Villafan and Demi Ag.  (ECF No. 37-39.)  Plaintiffs are not seeking recovery for the fifteenth

5  claim in the motion for default judgment as they concede the claim under California's Unfair

6  Competition Law.  (ECF No. 37-2 at 27.)[2]  The motion was served on Defendant Demi Ag, who

7  has appeared, but not on Defendant Villafan, who has not appeared.

8      During the November 22, 2017 hearing on the motion for default judgment, Plaintiffs

9  requested that they be allowed to file supplemental briefing to address some of the Court's

10 questions.  On November 22, 2017, the Court directed Plaintiffs to file supplemental briefing

11 regarding the motion for default judgment.  (ECF No. 45.)  After receiving an extension of time,

12 Plaintiffs filed their supplemental briefing on December 8, 2017.  (ECF No. 50.)

13                                    **II.**

14                            **LEGAL STANDARD**

15     Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum

16 certain or a sum that can be made certain by computation, a party must apply to the court for a

17 default judgment.  Fed. R. Civ. P. 55(b).  Upon entry of default, the complaint's factual

18 allegations regarding liability are taken as true.  Geddes v. United Financial Group, 559 F.2d

19 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).  However,

20 the complaint's factual allegations relating to the amount of damages are not taken as true.

21 Geddes, 559 F.2d at 560.  Accordingly, the amount of damages must be proven at an evidentiary

22 hearing or through other means.  Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal.

23 2008).  "[N]ecessary facts not contained in the pleadings, and claims which are legally

24 insufficient, are not established by default."  Cripps v. Life Ins. Co. of North America, 980 F.2d

25 1261, 1267 (9th Cir. 1992).  Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default

26 judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

27

28  [2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

## III.

## DISCUSSION

In the current application, Plaintiffs seek default judgment and request monetary damages, attorneys' fees, and costs.[3]

### A.    Jurisdiction

1.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at

---

[3] Plaintiffs originally sought PAGA penalties, but they withdrew the request for PAGA penalties in their supplemental briefing.

1089 (citations omitted).

Plaintiff brings this action alleging violations of the FLSA, 29 U.S.C. § 201 et seq. and the AWPA, 29 U.S.C. § 1801 et seq. Therefore, the Court has original jurisdiction under 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's related state law claims under the California Labor Code.

2.    Service of Process

**a.    Service on Individual**

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for the manner of service on an individual. Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2).

Here, Defendant Villafan was personally served with the complaint and summons. (ECF No. 8.) The Court finds that service on Defendant Villafan was proper under federal law.

**b.    Service on Corporation**

The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation. Pursuant to Federal Rule of Civil Procedure 4(h), a corporation must be served "in a manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any agent, authorized by appointment or by law to receive service of process. . . ." Rule 4(e)(1) provides that service may be effectuated by following the law of the state in which the service is to be made. Rule 4 is flexible and should be liberally construed so long as it gives the party to be served sufficient notice of the complaint. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).

Under California law, service of a corporation may be made by service on the person designated as agent for service of process or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or

assistant treasurer, a controller or chief financial officer, a general manager or a person authorized by the corporation to receive service of process."  Cal. Code. Civ. P. §§ 416.10(a) and (b).

California Code of Civil Procedure 415.20(a) states:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Here, Defendant Demi Ag was served by substituted service by leaving the complaint and summons with or in the presence of Terry Ginelli, a clerk who is at least 18 years of age and apparently in charge of the office or usual place of the business served and who was informed of the general nature of the papers.  (ECF No. 6.)  Defendant Demi Ag was also mailed a copy of the complaint and summons.  (ECF No. 6-1.)

The Court finds that service on Defendant Demi Ag was proper under California law.[4]

### B.    The Eitel Factors Weigh in Favor of Default Judgment

As discussed below, consideration of the Eitel factors weigh in favor of granting default judgment in this instance against the defaulting defendants.

#### 1.    Possibility of Prejudice to Plaintiff

The first factor weighs in favor of entry of default judgment.  While Plaintiffs have received some damages due to the settlement with Defendant Singh, if default judgment is not entered, Plaintiffs are effectively denied a remedy for the violations alleged in this action unless the defaulting defendants appear again.  See U.S. Equal Employment Opportunity Commission v. Zoria Farms, Inc. and Z Foods Inc., 2016 WL 8677142, *4 (E.D. Cal. May 13, 2016) (finding

---

[4] The Court also notes that Defendant Demi Ag failed to raise the defense of insufficient service of process in its responsive pleading that it filed on June 3, 2016.  (ECF No. 4.)

that the possibility of prejudice to the plaintiff favors default judgment even though plaintiff had settled part of their claims with one defendant).

The defaulting defendants may never appear to defend this action. Therefore, this factor weighs in favor of granting default judgment.

2.     The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The next relevant Eitel factors include an evaluation of the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. This requires the Court to look to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (finding it error to award default judgment where the complaint was insufficient to state a claim).

a.     **Defendants Are Joint Employers**

First, Plaintiffs argue that they have sufficiently pled that the Defendants are joint employers under federal law. However, Plaintiffs do not argue allegations contained in the complaint, but point to evidence filed in support of the motion to address the factors to be considered. The Court considers the allegations in the first amended complaint in determining the sufficiency of the claims.

In order for the defendants to be liable for damages for failure to pay wages under the FLSA the defendant must be an employer of the plaintiff. Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1468 (9th Cir. 1983), disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985). "The FLSA defines an employer to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee. . . .' " 29 U.S.C. § 203(d). The statute defines employ as to "suffer or permit to work." 29 U.S.C. § 203(g). The Ninth Circuit has held that the definition of employer is to be given an expansive interpretation to effectuate the FLSA's broad remedial purpose. Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir. 1999). An individual is an employer and

subject to liability where the individual exercises "control over the nature and structure of the employment relationship," or " 'economic control' over the relationship." <u>Lambert</u>, 180 F.3d at 1012.

Even where businesses are separate entities, they can be joint employers where "they share control of the terms of conditions of an individual's employment." <u>Johnson v. Serenity Transportation, Inc.</u>, 141 F.Supp.3d 974, 988 (N.D. Cal. 2015) (citations omitted). Where an employee is jointly employed by two or more employers, all employers are responsible jointly and individually for compliance with the FLSA. 29 C.F.R. § 791.2(a); <u>Johnson</u>, 141 F.Supp.3d at 988.

The AWPA was enacted to fix responsibility for protection to migrant farm workers on those who ultimately benefit from their labor, the agricultural employer. <u>Torres-Lopez v. May</u>, 111 F.3d 633, 639 (9th Cir. 1997). Under the AWPA, an agricultural employer is "any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(2). Employ is given the same meaning as the FLSA. 29 U.S.C. § 1802(5). Joint employment under the FLSA is joint employment under the AWPA. <u>Torres-Lopez</u>, 111 F.3d at 639 (citing 29 C.F.R. § 500.20(h)(4)).

Similarly, under California law, the California Industrial Welfare Commission's Wage Order provides three alternative definitions for the term "to employ"; "(a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." <u>Johnson</u>, 141 F.Supp.3d at 994. "If one employer (the general employer) sends an employee to work for another party (the special employer) and both have the right to control the employee's activities, a dual employment exists." <u>Cty. of Los Angeles v. Workers' Comp. Appeals Bd.</u>, 30 Cal.3d 391, 405 (1981).

Plaintiffs allege that they were employed by the Defendants to harvest grapes. (FAC ¶¶ 1, 3.) Rafael Villafan was doing business as or for Defendant Demi Ag Inc. (FAC ¶¶ 24, 25.) Both Defendants Villafan and Demi Ag were farm labor contractors. (FAC ¶¶ 24, 25, 26, 30, 31,

32, 33.)  Defendant Singh contracted with Defendants Villafan and Demi Ag to supply workers to perform agricultural work in his vineyards in Selma, California.  (FAC ¶ 27, 34.)

Plaintiffs were employed from September 11 through 15, 2015 pursuant to an oral contract to pick grapes in Defendant Singh's vineyards at a rate of .32 per raisin tray working between 8 to 12 hours per day.  (FAC ¶¶ 9-23, 27, 29.)  Plaintiffs were laid off on September 15, 2015 after they completed their work on Defendant Singh's property.  (FAC ¶ 48.)

At default these factual allegations in the first amended complaint are taken as true, Geddes, 559 F.2d at 560, and are sufficient to allege that Defendants Singh, Villafan, and Demi Ag are joint employers under the FLSA, the AWPA, and California law.

### b.      FLSA Claim for Failure to Pay Minimum Wage

Plaintiffs bring a claim under the FLSA for violation of the federal minimum wage for hours worked.  The FLSA sets a national minimum wage of $7.25 hour for employees engaged in commerce or the production of goods for commerce.  29 U.S.C. § 206(a)(1)(C).  Plaintiffs allege that they were engaged in commerce or in the production of goods in commerce, (FAC ¶ 51); as they were employed pursuant to an oral contract of employment to perform the work of picking grapes in Fresno County from approximately September 11, 2015, through September 15, 2015,  (FAC ¶ 29).  Plaintiffs allege that they were entitled to, but did not receive minimum wage for every hour worked.  (FAC ¶¶ 37-42, 52.)

Plaintiffs sufficiently allege that defaulting defendants have violated the FLSA by failing to provide at least minimum wages to Plaintiffs by not paying Plaintiffs the wages due and owing to them.  Therefore, Plaintiffs sufficiently plead the FLSA claim for failure to pay minimum wages.

### c.      AWPA claim

Plaintiffs' second claim alleges that Defendants intentionally violated the rights of Plaintiffs and other employees under the AWPA, by failing to post notice at the job site stating the workers' rights under AWPA as required; failing to pay Plaintiffs the wages owed to them when due; failing to include the basis on which wages are paid, the number of piecework units earned and the number of hours worked; and failing to comply with the working arrangements

made by the Defendants with Plaintiffs including without limitation the agreement to comply with state laws regarding payment of wages, deductions and withholdings, and reporting and posting requirements.  (FAC ¶ 57.)

The four sections of the AWPA under which Plaintiffs are bringing a claim apply to farm labor contractors, agricultural employers, and agricultural associations which employ any seasonal agricultural worker.  Plaintiffs allege that they were " 'seasonal agricultural worker[s]' within the meaning of the AWPA, 29 U.S.C. § 1802(10)(A) in that they were employed in agriculture of a seasonal nature and were not required to be absent overnight from their permanent places of residence."  (FAC ¶ 55.)

Plaintiffs assert in their motion for default judgment that the defaulting defendants were agricultural employers.  The first amended complaint alleges that Defendant Singh owns a vineyard and hires seasonal or migrant workers to perform agricultural work on his vineyard. (FAC ¶¶ 27, 34, 37.)  Therefore, he would be an agricultural employer under the AWPA.  See 29 U.S.C. § 1802(2) (" 'agricultural employer' means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker").

The first amended complaint alleges that Defendants Villafan and Demi Ag are farm labor contractors.  (FAC ¶¶ 30, 32.)  Section 1802 of Title 29 of the United States Code provides that, "[t]he term "farm labor contractor" means any person, other than an agricultural employer, an agricultural association, or an employee of an agricultural employer or agricultural association, who, for any money or other valuable consideration paid or promised to be paid, performs any farm labor contracting activity."  29 U.S.C. § 1802(7).[5]  Farm labor contracting activity is "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker."  29 U.S.C. § 1802(6).  Plaintiffs allege that Defendants Villafan and Demi Ag contracted to provide Defendant Singh with seasonal or migrant agricultural

---

[5] "Person" includes individuals and corporations.  See 29 U.S.C. § 1802(9).

workers to perform work on his vineyards beginning on September 11, 2015.  (FAC ¶ 34.)

Section 1831(b) requires that the employer post in a conspicuous place a poster setting forth the rights and protections provided to the seasonal agricultural worker.  18 U.S.C. § 1831(b).  Plaintiffs allege that Defendants did not comply with the requirement to have a poster in the workplace.  (FAC ¶ 57(a).)

Section 1831(c) requires the employer to provide the seasonal agricultural employee with an itemized written wage statement.  18 U.S.C. § 1831(c)(2).  Plaintiffs allege that Defendants did not provide them with an itemized wage statement.  (FAC ¶ 57(c).)

Section 1832(a) requires the employer to pay the wages owed when due.  18 U.S.C. § 1832(a).  Plaintiffs allege they were never paid the wages owed.  (FAC ¶ 57(b).)

Section 1832(c) makes it a violation for an agricultural employer to violate the terms of any working arrangement.  18 U.S.C. § 1832(c).  While there is some dispute as to the meaning of "working arrangement," courts have found that "the working arrangement under AWPA constitutes the terms of employment actually communicated between employer and employee." Doe v. D.M. Camp & Sons ("D.M. Camp"), 624 F.Supp.2d 1153, 1172 (E.D. Cal. 2008).  Plaintiffs allege that Defendants agreed to pay them .32 per tray for picking grapes and they were not paid.  (FAC ¶¶ 9-23.)

The Court finds that Plaintiffs have sufficiently alleged that the defaulting defendants violated four provisions of the AWPA: 29 U.S.C. § 1831(b); 29 U.S.C. § 1831(c)(2); 29 U.S.C. § 1832(a); and 29 U.S.C. § 1832(c).

### d.    Failure to Pay Wages Owed under California Law

Plaintiffs' third claim is for failure to pay wages owed pursuant to Sections 201 and 218 of the California Labor Code.  In their supplement, Plaintiffs state that they are seeking to recover piece-rate earnings under three causes of action, although they are only seeking a single recovery for wages owed.

Plaintiffs allege that pursuant to Section 218, they are entitled to recover the unpaid balance of the full amount owed and interest thereon in an amount to be proven at trial.  (FAC ¶ 63.)  Section 218 states in relevant part that "[n]othing in this article shall limit the right of any

11

wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Cal. Lab. Code ¶ 218. California Labor Code section 201, subdivision (a) states, in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Therefore, the question is whether Plaintiffs have stated a claim for relief under Section 201 of the California Labor Code.

Plaintiffs allege that Defendants failed to pay them for any of the hours they worked and that Section 201 requires that employers pay each employee all wages earned and unpaid at the time of discharge. (FAC ¶¶ 61-62.) They allege that "[o]n or about September 15, 2015, Defendants laid off/terminated Plaintiffs' employment with the completion of their work on Defendant SINGH's property" and Defendants failed to pay all wages owing to Plaintiffs upon their discharge. (FAC ¶¶ 48-49.)

While the complaint states that Plaintiffs were laid off or terminated on or about September 15, 2015, Plaintiff Arturo Santos was not laid off or terminated, but worked a single day and quit because he had other employment elsewhere. (ECF No. 37-2 at 13; ECF No. 38-11 at 1.) Section 201 only applies to employees who are discharged. Section 202 applies where an employee not having a written contract for a definite period quits his or her employment. Therefore, considering the merits of the third claim alleged in the complaint as well as the sufficiency of the third claim in the complaint, all of the plaintiffs except for Arturo Santos are entitled to default judgment on the third cause of action for failure to pay wages owed.

Plaintiffs contend in their supplement that they can recover piece-rate earnings under the California Unfair Competition Law.[6] Plaintiffs cite to paragraphs 114(d) and 116 of the complaint. Paragraph 114(d) of the complaint states that Defendants committed an unlawful business practice by "[f]ailing to pay wages owed, in violation of Cal. Lab. Code §§ 216 and 218." (FAC ¶ 114(d).)

However, Section 216 imposes misdemeanor liability on a person, agent, manager, superintendent, or officer in addition to any other penalty imposed by this article. As stated

---

[6] They originally did not seek default judgment on the California Unfair Competition Law claim in their motion for default judgment.

above, Section 218 states that the right of any wage claimant is not limited to sue directly or through an assignee for any wages or penalty due him under this article. Therefore, Plaintiff has not sufficiently stated a claim for wages owed entitling them to recover piece-rate wages under Sections 216 and 218 of the California Labor Code.

The Court finds that Plaintiffs Octaviano Juarez, Angel Mendez Mendez, Noe Moises Ramirez Salazar, Patricio Reyes Venegas, Alejandro Rivera Fonseca, Daniel Ramirez Cuevas, Sergio Gomez Gonzales, Abel Isidro B., Pablo Lopez Cruz, Angelina Isidro B., Honorina Cruz Salinas, Rolando Juarez Martinez, Manual Juarez Ramirez, and Juana R. Mayoral Silva have sufficiently alleged a claim for and are entitled to damages for failure to pay wages owed under sections 201 and 218 of the Labor Code.

**e.    Failure to Pay Minimum Wages under California Law**

Section 1197 of the California Labor Code states, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

The California Industrial Welfare Commission's Wage Order No. 4 provides that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." Cal. Code Regs. tit. 8, § 11040(4). California courts have construed Wage Order No. 4 to prohibit employers who use a piece-rate compensation system from averaging productive and non-productive hours for purposes of demonstrating compliance with the minimum wage statute. See Gonzalez v. Downtown LA Motors, LP ("DTLA"), 215 Cal.App.4th 36 (2013). Thus, although employers may compensate their employees based on the number of tasks completed, employees must receive at least minimum wage for every hour worked, whether or not they complete any compensable tasks during that hour. Id.

As of July 1, 2014, the minimum wage in California was $9.00 per hour. See Cal. Lab. Code § 1182.12. Section 1194(a) of the California Labor Code states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage

1  or the legal overtime compensation applicable to the employee is entitled to recover in a civil

2  action the unpaid balance of the full amount of this minimum wage or overtime compensation,

3  including interest thereon, reasonable attorney's fees, and costs of suit."

4         Here, Plaintiffs allege that each defendant failed to pay the minimum hourly wage of

5  $9.00 per hour for all hours worked to Plaintiffs.  (FAC ¶ 67.)  Plaintiffs also allege that

6  Defendants failed to compensate Plaintiffs for all hours worked and Plaintiffs satisfactorily

7  performed all terms and conditions of their oral employment contracts.  (Id. ¶¶ 41-42.)

8         Therefore, Plaintiffs have sufficiently alleged that Defendants failed to pay them

9  minimum wages under California law.

10         **f.      Liquidated Damages for Failure to Pay Minimum Wages under California**

11  **Law**

12         Section 1194.2 of the California Labor Code entitles employees bringing an action under

13  Section 1194 "to recover liquidated damages in an amount equal to the wages unlawfully unpaid

14  and interest thereon."  As discussed above, Plaintiffs have sufficiently alleged that Defendants

15  failed to pay Plaintiffs minimum wages under California law.  The first amended complaint

16  states that as a direct and proximate result of each Defendant's actions as alleged herein,

17  Plaintiffs are entitled to recover penalties in the form of liquidated damages in an amount equal

18  to the minimum wages unlawfully unpaid pursuant to Section 1194.2 of the Labor Code.  (FAC ¶

19  71.)

20         Therefore, the Court finds that Plaintiffs have sufficiently alleged that they are owed

21  liquidated damages for failure to pay minimum wage under Cal. Lab. Code § 1194.2.

22         **g.      Failure to Pay Overtime Due under California Law**

23         Section 1198 of the California Labor Code provides that it is unlawful to employ any

24  employee for longer hours than those fixed by the order of the Commission.  Employees in

25  agricultural occupations shall not be employed more than ten hours in any one workday unless

26  they receive one and one-half times such employee's regular rate of pay for all hours worked

27  over ten hours in any workday.  Cal. Code Regs. tit. 8, § 11140(3)(A).

28         Plaintiffs Daniel Ramirez Cuevas, Angel Mendez Mendez, and Sergio Gomez Gonzales

bring this claim for failure to pay overtime. (FAC ¶¶ 73-76.) They allege that they worked more than 10 hours of work in a work day and that Defendants failed to pay them the premium overtime wages for hours worked in excess of ten in a workday. (Id. ¶¶ 74-75.) They allege that they were deprived of wages due to them as a result of Defendants' failure to provide them with overtime pay in accordance with state law in amounts to be proven at trial and that they are entitled to recover such amounts. (Id. ¶ 76.)

Therefore, the Court finds that Plaintiffs Daniel Ramirez Cuevas, Angel Mendez Mendez, and Sergio Gomez Gonzales have sufficiently stated a claim for failure to pay overtime due in violation of the California Labor Code.

However, in the motion for default judgment, Plaintiff Juana Mayoral Silva also seeks overtime due. As the first amended complaint is devoid of any allegations that Juana Mayoral Silva was not paid overtime, she has not sufficiently pled a claim for overtime.

### h. Failure to Provide Wage Statements under California Law

Section 226(a) of the California Labor Code requires employers to provide employees with accurate itemized statements. Section 226(e) allows employees "suffering injury as a result of a knowing and intentional failure by an employer" to abide by § 226(a) to recover the greater of all actual damages, or $50 for an initial violation and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000 total. Cal. Lab. Code § 226(e)(1). Further, if an employer fails to provide a wage statement altogether, "[a]n employee is deemed to suffer injury[.]" Cal. Lab. Code § 226(e)(2)(A).

Here, Plaintiffs pled that Defendants failed to provide them with wage statements. (FAC ¶ 78.) Plaintiffs have sufficiently alleged missing wage statements, and for purposes of their damages claims, they have alleged that Defendants' failure to comply with the applicable law was knowing and intentional. Therefore, the Court finds that Plaintiffs have sufficiently pled that Defendants failed to provide Plaintiffs with accurate wage statements, violating section 226(a).

### i. Failure to Provide Tools and Equipment or Reimbursement

Section 2802(a) of the California Labor Code requires employers to provide or reimburse

employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. . . ." Cal Lab. Code § 2802(a).

Plaintiffs allege that "Defendants were required to provide and maintain tools and equipment necessary to the performance of the job, including but not limited to bins, knives and gloves for Plaintiffs pursuant to IWC Wage Order 14, 8 Cal. Code of Regs. § 11140." (FAC ¶ 83.) The wage order provides that "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft." 8 Cal. Code of Regs. § 11140(9)(B).

Plaintiffs also allege that Defendants failed to provide all necessary tools and equipment, including bins, knives and gloves and did not reimburse Plaintiffs for these expenditures. (FAC ¶ 83.) Plaintiffs allege that at all times they earned less than the minimum wage and never earned twice the minimum wage. (Id. ¶ 84.)

In the motion for default judgment, Plaintiffs contend that the necessary tools are bins/trays, shears, knives, gloves and/or knife sharpener. In the Plaintiffs' declarations, they state the necessary tools and equipment in order for them to pick grapes on Defendant Singh's property, including knives, grape bins or grape pans, and gloves. (Exhibits D-R, Decl. of Estella Cisneros ("Cisneros Decl.")). Plaintiff Alejandro Rivera Fonseca seeks reimbursement for water and Plaintiff Pablo Lopez Cruz seeks reimbursement for a knife file. A knife file and water were not listed in the complaint as specific tools or equipment necessary to the performance of the job. These two plaintiffs are the only ones seeking reimbursement for these things, therefore the Court asked at the November 22, 2017 hearing whether Plaintiffs have sufficiently stated this claim for the knife file and water.

In their supplement, Plaintiffs contend that although the items sought in the current motion for default judgment were not specifically identified in the complaint, the complaint did state "tools and equipment included but not limited to bins, knives and gloves. Plaintiffs argue that a knife sharpener and water are necessary pieces of equipment for performance of the job

1    and should be reimbursed.

2           While Plaintiff argues that Mr. Garcia stated during his deposition that drinking liquids

3    were necessary for performance of the job, food and drink are necessarily required to some

4    extent for every profession as they are required to sustain life.  But water cannot reasonably be

5    considered to be a tool or equipment.  Further, while a knife sharpener is reasonably related to

6    the items listed in the complaint, water is not.  Therefore, the Court finds that the knife sharpener

7    is a reimbursable expense under section 2802(a), but Plaintiffs have failed to state a claim for

8    reimbursement of drinking water.

9           The Court finds that Plaintiffs have sufficiently alleged a claim under Section 2802(a) of

10   the California Labor Code for failure to provide tools and equipment or reimbursement for grape

11   bins/pans, knives, knife sharpener, and gloves.  However, the Court finds that Plaintiffs have not

12   stated a claim under Section 2802(a) for failure to provide reimbursement for drinking water.

13          **j.      Waiting Time Penalties**

14          Plaintiffs seek default judgment on their ninth cause of action for waiting time penalties.

15   Section 201 of the California Labor Code requires employers who discharge employees to pay

16   the employee the wages "due and payable immediately."  Section 202 of the California Labor

17   Code requires employers to pay employees not having a written contract for a definite period

18   their wages not later than 72 hours after quitting, or if the employee has given 72 hours previous

19   notice of his or her intention to quit, then at the time of quitting.  Where an employer willfully

20   fails to pay in accordance with Sections 201 or 202, Section 203 provides that the employee's

21   wages continue as a penalty at the normal rate of pay from the due date to the date paid, not to

22   exceed 30 days.  Cal. Lab. Code § 203(a).

23          As discussed above, Plaintiffs have sufficiently alleged that they were not paid their

24   wages owed.  Plaintiffs stopped working on or before September 15, 2015.  (FAC ¶¶ 9-23, 29,

25   48.)  Plaintiffs have not received any payment for the work performed for Defendants.  (Id. ¶¶

26   42, 49.)  In this instance, Defendants agreed to pay each employee .32 per tray during the

27   relevant time period.  Plaintiffs performed their portion of the agreement and picked the grapes.

28   However, once the grape crop was harvested, Plaintiffs were never paid for the work they

                                                   17

performed.  The Court finds that the failure to pay was willful.

Plaintiffs have stated a claim for waiting time penalties due to the failure to timely pay when they were laid off or resigned.

### k.  Failure to Allow Inspection or Copying of Employment Records

Section 226(b) of the California Labor Code requires employers to provide current and former employees the right to copy or inspect records pertaining to their employment and detailed in § 226(a).  Section 226(c) sets a deadline of twenty-one calendar days from the date of the request.

Here, Plaintiffs allege that they sent a request to inspect or copy records to Defendants on March 25, 2016, and as of October 6, 2016, they had not received a response or the records.  (FAC ¶ 93.)  Therefore, Defendants did not comply with Plaintiffs' request to inspect or copy records pursuant to subdivision (b) within twenty-one days of the date of the request.  Thus, the Court finds that Plaintiffs have sufficiently alleged a violation of Section 226(b) for failure to allow inspection or copying of employment records.

### l.  Failure to Allow Inspection or Copying of Personnel Records

Section 1198.5 of the California Labor Code requires employers to allow current and former employees to inspect or copy their personnel records within 30 days of an employee's request.  Cal. Lab. Code § 1198.5(b)(1).  Plaintiffs allege that they made such request to Defendants on March 25, 2016, and as of October 6, 2016, the Plaintiffs did not receive any response or records.  (FAC ¶ 97.)  Therefore, the Court finds that Plaintiffs have sufficiently stated a claim under Section 1198.5 for failure to allow inspection or copying of personnel records.

### m.  Failure to Allow Inspection under Cal. Labor Code § 1695(a)(5)

Section 1695(a)(5) of the California Labor Code provides that every licensee shall:

> Have available for inspection by his or her employees and by the grower with whom he or she has contracted a written statement in English and Spanish showing the rate of compensation he or she receives from the grower and the rate of compensation he or she is paying to his or her employees for services rendered to, for, or under the control of the grower. **Upon written request, the statement shall be provided to a current or former employee or the grower within 21 calendar days.** A licensee who fails to comply with this paragraph is subject to a

civil penalty of seven hundred fifty dollars ($750) recoverable by the employee or the grower.

Cal. Lab. Code § 1695(a)(5) (emphasis added).

A licensee is defined as "a farm labor contractor who holds a valid and unrevoked license under this chapter." <u>See</u> Cal. Lab. Code § 1682(d).

Plaintiffs allege that they sent a written request for this information to the defaulting defendants on March 25, 2016, and did not receive a response as of October 6, 2016. (FAC ¶ 101.) However, they do not allege that defaulting defendants were licensees nor are there facts alleged to support that they were licensees pursuant to the definition in Section 1682(d) of the California Labor Code. Plaintiffs allege that the defaulting defendants were operating as a farm labor contactor **without a license** as required by Cal. Labor Code § 1683(a) and/or as a labor contractor under Cal. Labor Code § 2810.3(b). (FAC ¶¶ 30, 32 (emphasis added).) Plaintiffs also allege that Defendant Singh knowingly entered into an agreement for the services of a farm labor contractor **who was not licensed** under Cal. Labor Code § 1683(a). (FAC ¶ 36 (emphasis added.) The Court also notes that paragraph 110 of the first amended complaint, which is not part of or incorporated into the twelfth cause of action, states that Defendant Singh entered into a contract or agreement with the defaulting defendants who failed to provide a copy of their license because they did not have a valid license in or around September 2015. (<u>Id.</u> ¶ 110.)

Therefore, the Court finds that Plaintiffs have not sufficiently alleged facts to state a claim for failure to allow inspection under Cal. Lab. Code § 1695(a)(5).

3. The Sum of Money at Stake in the Action

The sum of money at stake in this action slightly weighs against default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No. 3:11-cv-06340-JW, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). Plaintiffs seek $175,068.46 as the aggregate amount of wages and penalties and attorneys' fees and costs. This amount was calculated by subtracting the amount of money received from the settlement agreement with Defendant Singh from the total. When the Court considers that this amount of

money is for five days of work, and a lesser amount for some Plaintiffs, it is a high amount of money. Therefore, the Court finds that this factor slightly weighs against default judgment.

4. The Possibility of a Dispute Concerning Material Facts

In this action, Plaintiffs have filed a well-pleaded complaint on certain claims, as detailed above. The Clerk of the Court has entered default; and therefore, the factual allegations in the complaint are taken as true. Therefore, there is little possibility of a dispute concerning material facts.

5. Whether the Default Was Due to Excusable Neglect

Defendant Villafan has failed to file an answer in this matter and has never appeared in this matter despite being personally served with the complaint and summons. Defendant Demi Ag filed an answer, but that answer was stricken from the record because Defendant Demi Ag was not represented by counsel. Defendant Demi Ag has also failed to oppose the motion for default judgment. Additionally, it has been over thirteen months since the Clerk entered default against the defaulting defendants.

The Court concludes that the failure to respond was due to the affirmative decision not to oppose this action rather than excusable neglect. This factor weighs in favor of granting default judgment.

6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

In Eitel, the Ninth Circuit admonished that, "[c]ases should be decided on the merits whenever reasonably possible." Eitel, 782 F.2d at 1482. While cases should be decided on the merits whenever possible, a defendant's failure to answer the complaint "makes a decision on the merits impractical if not impossible." PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). Here, the defaulting defendants have not defended this action despite having the opportunity to do so. Therefore, this factor weights slightly against granting default judgment.

7. The Eitel factors Weigh In Favor of Granting Default Judgment

When the Court weighs all of the Eitel factors, the Court finds that the factors weigh in

favor of granting default judgment in this instance. "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." Alan Neuman Prods., Inc., 862 F.2d at 1392 (finding it error to award default judgment where the complaint was insufficient to state a claim). Accordingly, the Court finds that Plaintiffs are entitled to default judgment and the motion should be granted.

**C.    Terms of Judgment and Proof of Damages**

1.    FLSA Claims

Plaintiffs state that they are entitled to recover unpaid minimum wages pursuant to 29 U.S.C. § 216(b). Although Plaintiffs attach a spreadsheet detailing the aggregate amount of wages and penalties due to all Plaintiffs as Exhibit U to Ms. Cisneros's declaration, Plaintiffs are not actually seeking damages based on the federal minimum wage under the FLSA, but are seeking damages for the unpaid wages based on their piece rate agreement under their other claims.

2.    AWPA Claims

Each Plaintiff is seeking $500.00 for each of the four AWPA violations for a total of $2,000.00 in AWPA penalties. 29 U.S.C. § 1854 provides that if the court finds that the agricultural employer has intentionally violated the AWPA "it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation. . . ."

Plaintiffs are seeking damages for some violations that are either the same or closely related to conduct that has already been compensated by the state court claims. The Ninth Circuit has recognized that a statutory damage award intended to compensate a plaintiff for not receiving timely payment and to deter the defendants from withholding timely payment in the future, is not the same as the backpay award which compensates the plaintiff for the [defendants'] failure to pay the wages they were obligated to pay under the contract. Martinez v. Shinn, 992 F.2d 997, 1001 (9th Cir. 1993). However, the Court should consider the extent to which a party's recovery on closely related claims has provided the party with complete compensation. Frederick County Fruit Growers Ass'n v. Dole, 709 F.Supp. 242, 248 (D.D.C.

1989) (declining to award statutory damages under AWPA in addition to actual damages under contract theory for back wages though the court notes it has the power to do so).

In <u>D.M. Camp</u>, District Judge Anthony W. Ishii considered the issue of double recovery under the AWPA and recognized that there is a potential of duplicate recovery within the AWPA itself. 624 F.Supp.2d at 1173. The problem of double recovery for multiple provisions of AWPA is avoided as "Section 1854(c) makes clear that damages under AWPA are subject to the discretion of the trial judge." <u>Id.</u> at 1174. "Where state law provides for statutory damages, the trial court's discretion may be called upon to prevent double recovery." <u>Id.</u>

Other courts have also recognized the possibility that overlap exists between the provisions of AWPA itself, such as for failure to pay wages as a violation of Section 1822(a) and Section 1822(c). <u>See</u> <u>D.M. Camp</u>, 624 F.Supp.2d at 1173-74 (citing <u>Wales v. Jack M. Berry, Inc.</u>, 192 F.Supp.2d 1269, 1287 (M.D. Fla. 1999); <u>Cruz v. Vel–A–Da, Inc.</u>, 127 Lab.Cas. (CCH) P33, 074 (N.D. Ohio 1993); <u>Donaldson v. United States Dep't of Labor</u>, 930 F.2d 339, 349 (4th Cir. 1991).

### a.    Failure to post notice

First, Plaintiffs seek $500.00 for the failure to post the notice required by the AWPA at the job site. While the failure to post does violate the AWPA, the Court considers that the plaintiffs worked for a period ranging from one to five days. Given the short duration of the employment period, the Court determines that an award of $100.00 is appropriate for the failure to post the required notice. The Court recommends that each Plaintiff be awarded $100.00 for the defendants' failure to comply with the posting requirement.

### b.    Failure to pay wages owed

Plaintiffs are seeking damages for failure to pay wages owed to them when due. However, Plaintiffs have been compensated for this conduct by receiving their piece rate wages and waiting time penalties under state law as discussed below. The Court finds that Plaintiffs have been adequately compensated by receiving their wages and the waiting time penalties. The Court recommends that further damages under the AWPA for failure to pay wages owed be denied.

### c.     Failure to include basis on which wages are paid

Plaintiffs also seek to receive damages for failure to include the basis on which the wages are paid.  As discussed below, Plaintiffs have received damages of $50.00 for the failure to be provided with a wage statement under California law.  The Court finds that the award of statutory damages under California law has adequately compensated Plaintiffs for the conduct alleged and the Court recommends that further damages under the AWPA for failure to include the basis on which wages are paid be denied.

### d.     Failure to comply with working arrangements

Plaintiffs also seek damages for failure to comply with the working arrangements made by Defendants.  The working arrangement is the terms of employment actually communicated between the employer and employee.  D.M. Camp, 624 F.Supp.2d at 1172.  Here, all Plaintiffs except Arturo Santos have been compensated for their time worked under their state law claims as discussed below.   The Court finds that Arturo Santos should receive his piece rate compensation for Defendants failure to comply with the working arrangement.  In calculating damages throughout this motion, the Court uses the number of trays completed or the hours worked as stated in each plaintiff's declaration.  (See ECF No. 38-4, 38-5, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, 38-12, 38-13, 38-14, 38-15, 38-16, 38-17, 38-18, 38-19.)   The Court then multiplies the number of trays completed by $.32 for the total piece-rate wages.

| Name | Trays Completed | Piece-rate wages ((Trays Completed) * ($.32)) |
|---|---|---|
| Arturo Santos | 216 | $69.12 |

Additionally, each Plaintiff should be awarded $100.00 under the AWPA for Defendants failure to comply with the working arrangements in violation of the AWPA.  The Court finds that this will serve the remedial purpose of the AWPA and will not result in double recovery of the damages to be awarded for the state court claims as discussed below.

### 3.     Wages Owed Under Cal. Lab. Code § 201

All Plaintiffs who the Court finds are entitled to default judgment on the third claim for

wages owed under Section 201 of the California Labor Code were promised to be paid at a rate of $.32 cents per tray.

| Name | Trays Completed | Piece-rate wages ((Trays Completed) * ($.32)) |
|---|---|---|
| Octaviano Juarez | 2,084 | $666.88 |
| Angel Mendez Mendez | 925 | $296.00 |
| Noe Moses Ramirez Salazar | 1,448 | $463.36 |
| Patricio Reyes Venegas | 2,576 | $824.32 |
| Alejandro Rivera Fonseca | 1,449 | $463.68 |
| Daniel Ramirez Cuevas | 2,000 | $640.00 |
| Sergio Gomez Gonzalez | 1,552 | $496.64 |
| Abel Isidro B. | 1,511 | $483.52 |
| Pablo Lopez Cruz | 2,110 | $675.20 |
| Angelina Isidro B. | 1,751 | $560.32 |
| Honorina Cruz Salinas | 1,721 | $550.72 |
| Rolando Juarez Martinez | 1,627 | $520.64 |
| Manuel Juarez Ramirez | 2,793 | $893.76 |
| Juana R. Mayoral Silva | 1,555 | $497.60 |

4. Failure to Pay Minimum Wages under Cal. Lab. Code § 1194

In their motion for default judgment, Plaintiffs are seeking "their piece-rate earnings or the hourly minimum wage per hour, whichever is greater." (ECF No. 37-2 at 23:10-12.) Pursuant to Section 1194(a) of the California Labor Code, any employee who receives less than minimum wage is entitled to recover the unpaid balance of the compensation. Cal. Lab. Code § 1194(a).

This section makes it clear that Plaintiffs can recover the unpaid balance of the full amount of the minimum wage, which would be $9.00 for each hour they worked. In the

supplemental briefing, Plaintiffs state that they are seeking damages for their minimum wage claim if they are unable to recover their piece rate wages on one of their other claims. Because all Plaintiffs are able to recover their piece rate wages, which are greater than the amount they would receive under the minimum wage calculation, there are no damages under the failure to pay minimum wage claim.

     5.    Liquidated Damages for Failure to Pay Minimum Wage

As Plaintiffs have sufficiently stated a liquidated damages claim for failure to pay minimum wage, they are entitled to liquidated damages based on the California minimum wage. The Court calculates the liquidated damages by multiplying the number of hours each plaintiff worked by $9.00, the minimum wage at the time Plaintiffs worked.

| Name | Hours Worked | Total Liquidated Damages Owed ((# hours worked) * ($9.00)) |
|---|---|---|
| Octaviano Juarez | 50 | $450.00 |
| Angel Mendez Mendez | 22 | $198.00 |
| Noe Moses Ramirez Salazar | 35.76 | $321.84 |
| Patricio Reyes Venegas | 38 | $342.00 |
| Alejandro Rivera Fonseca | 34.68 | $312.12 |
| Daniel Ramirez Cuevas | 31.25 | $281.25 |
| Sergio Gomez Gonzalez | 49.32 | $443.88 |
| Arturo Santos | 6.5 | $58.50 |
| Abel Isidro B. | 39 | $351.00 |
| Pablo Lopez Cruz | 47.5 | $427.50 |
| Angelina Isidro B. | 39 | $351.00 |
| Honorina Cruz Salinas | 38.68 | $348.12 |
| Rolando Juarez Martinez | 40 | $360.00 |
| Manuel Juarez Ramirez | 50 | $450.00 |
| Juana R. Mayoral Silva | 41.32 | $371.88 |

6.     Failure to Pay Overtime Due

The Court has found that three of the plaintiffs, Angel Mendez Mendez, Daniel Ramirez Cuevas, and Sergio Gomez Gonzales, have sufficiently stated a claim for failure to pay overtime due.

Section 1194 of the California Labor Code provides that plaintiffs may recover one and one-half the hourly rate for each hour worked over ten hours in a day. The Court uses Plaintiffs' declarations to determine how many hours they worked over ten in a day. The Court calculates the regular rate of pay by multiplying the total number of trays that each plaintiff completed by the piece-rate of $.32 cents and then dividing by the number of hours that each plaintiff worked. The Court then calculates the overtime rate of pay as one and one-half times the regular rate of pay. The Court then determines the difference between the regular and overtime rate of pay by subtracting the regular rate from the overtime rate. Finally, the Court calculates the total amount of overtime owed for each plaintiff by multiplying the number of hours of overtime worked by the difference between regular and overtime rate of pay.

| Name | Regular Rate of Pay | Overtime Rate of Pay | Hours of Overtime Worked | Hourly Amount Owed[7] | Total Amount Owed[8] |
|---|---|---|---|---|---|
| Angel Mendez Mendez | $13.46 | $20.19 | 2 | $6.73 | $13.46 |
| Daniel Ramirez Cuevas | $20.48 | $30.72 | 1.5 | $10.24 | $15.36 |
| Sergio Gomez Gonzales | $10.07 | $15.10 | 9.32 | $5.03 | $46.88[9] |

7.     Failure to Provide Wage Statements under Cal. Lab. Code § 226

The California Labor Code provides that an employee is entitled to a $50.00 penalty for the pay period that Defendants failed to provide them with a wage statement. See Cal. Lab. Code § 226(e)(1). Therefore, each Plaintiff is entitled to $50.00 for this claim.

---

[7] Overtime rate minus the regular rate of pay equals amount not paid.

[8] Amount not paid times number of over hours worked.

[9] The Court notes that Plaintiff Sergio Gomez Gonzales states he is only seeking $46.88 for his overtime owed, and rounded his overtime rate of pay to $15.10. Therefore, the Court will also round his overtime rate of pay to $15.10, and using $15.10 for overtime rate of pay calculates $46.88 as the total amount of overtime that he is owed.

1    8.    Failure to Provide Tools and Equipment

As discussed above, except for the water claimed by Alejandro Rivera Fonseca, Plaintiffs have sufficiently pled that they were not reimbursed for necessary tools and equipment. Plaintiffs have submitted declarations stating the amount of money that they spent on these necessary tools and equipment. The Court finds the following amounts should be awarded for reimbursement of necessary tools and equipment.

| Name | Unreimbursed Business Expenses | Total Business Expenses Owed |
|------|-------------------------------|------------------------------|
| Octaviano Juarez | Picking grape pan and knife | $7.00 |
| Angel Mendez Mendez | Picking grape pan and gloves | $15.00 |
| Noe Moses Ramirez Salazar | Picking grape pan bin, knives, and gloves | $8.00 |
| Patricio Reyes Venegas | Picking grape bin, knife, and gloves | $11.00 |
| Alejandro Rivera Fonseca | Picking grape pan and gloves[10] | $15.00 |
| Daniel Ramirez Cuevas | Picking grape pan, knife, and gloves | $15.00 |
| Sergio Gomez Gonzalez | Picking grape bin, knife, and gloves | $15.00 |
| Arturo Santos | Picking grape bin, knife, and gloves | $15.00 |
| Abel Isidro B. | Picking grape bin, knife, and gloves | $12.00 |
| Pablo Lopez Cruz | Picking grape bin, knife, knife file, and gloves | $90.00 |
| Angelina Isidro B. | Picking grape bin, knife, and gloves | $15.00 |
| Honorina Cruz Salinas | Picking grape bin, knife, and gloves | $27.00 |
| Rolando Juarez Martinez | Picking grape pan and knife | $7.00 |
| Manuel Juarez Ramirez | Picking grape pan and knife | $7.00 |
| Juana R. Mayoral Silva | Picking grape bin, knife, and gloves | $12.00 |

/ / /

---

[10] As discussed above, the first amended complaint did not sufficiently plead that water was a necessary tool and equipment to receive reimbursement. Plaintiff has not broken down the cost of the items purchased or provided any documentation. The Court considers the amounts awarded to the other plaintiffs for similar items and finds that $15.00 is a reasonable reimbursement for the grape pan and gloves.

9. Waiting Time Penalties Under Cal. Lab. Code § 203

Plaintiffs seek waiting time penalties under Section 203 of the California Labor Code. The proper calculation of waiting time penalties is to calculate the employee's daily rate of pay which is multiplied by the number of days of nonpayment for a maximum of 30 days. Mamika v. Barca, 68 Cal.App.4th 487, 494 (1998), as modified (Dec. 11, 1998).

| Name | Piece-rate wages | Number of Days Worked | Daily Wages (Piece-rate Wages/Number of Days Worked) | Total Waiting Time Penalties[11] |
|------|------|------|------|------|
| Octaviano Juarez | $666.88 | 5 | $133.38 | $4,001.40 |
| Angel Mendez Mendez | $296.00 | 2 | $148.00 | $4,440.00 |
| Noe Moses Ramirez Salazar | $463.36 | 4 | $115.84 | $3,475.20 |
| Patricio Reyes Venegas | $824.32 | 5 | $164.86 | $4,945.92 |
| Alejandro Rivera Fonseca | $463.68 | 4 | $115.92 | $3,477.60 |
| Daniel Ramirez Cuevas | $640.00 | 3 | $213.33 | $6,399.90 |
| Sergio Gomez Gonzalez | $496.64 | 4 | $124.16 | $3,724.80 |
| Arturo Santos | $69.12 | 1 | $69.12 | $2,073.60 |
| Abel Isidro B. | $483.52 | 4 | $120.88 | $3,626.40 |
| Pablo Lopez Cruz | $675.20 | 5 | $135.04 | $4,051.20 |
| Angelina Isidro B. | $560.32 | 4 | $140.08 | $4,202.40 |
| Honorina Cruz Salinas | $550.72 | 4 | $137.68 | $4,130.40 |
| Rolando Juarez Martinez | $520.64 | 4 | $130.16 | $3,904.80 |
| Manuel Juarez Ramirez | $893.76 | 5 | $178.75 | $5,362.50 |
| Juana R. Mayoral Silva | $497.60 | 4 | $124.40 | $3,732.00 |

10. Failure to Allow Inspection or Copying of Employment Records

Section 226(f) of the California Labor Code entitles the current or former employee to recover a $750.00 penalty from the employer for the failure to allow inspection or copying of

---

[11] Daily wages multiplied by 30.

28

employment records.  Therefore, the Court finds that each plaintiff is entitled to receive $750.00 for the failure to allow inspection or copying of employment records.

11.     Failure to Allow Inspection or Copying of Personnel Records

Section 1198.5(k) of the California Labor Code provides that failure to allow inspection or copying of personnel records allows a former employee to recover a penalty of seven hundred fifty dollars ($750) from the employer.  Therefore, the Court finds that each plaintiff is entitled to receive $750.00 for the failure to allow inspection or copying of personnel records.

12.     Damages to be Awarded to Each Plaintiff

Based on the foregoing, the Court recommends that the following damages should be awarded to the plaintiffs in this action.

| Name | Total Damages |
| --- | --- |
| Octaviano Juarez | $6,875.28 |
| Angel Mendez Mendez | $6,712.46 |
| Noe Moses Ramirez Salazar | $6,018.40 |
| Patricio Reyes Venegas | $7,873.24 |
| Alejandro Rivera Fonseca | $6,018.40 |
| Daniel Ramirez Cuevas | $9,101.51 |
| Sergio Gomez Gonzalez | $6,477.20 |
| Arturo Santos | $3,966.22 |
| Abel Isidro B. | $6,222.92 |
| Pablo Lopez Cruz | $6,993.90 |
| Angelina Isidro B. | $6,878.72 |
| Honorina Cruz Salinas | $6,806.24 |
| Rolando Juarez Martinez | $6,542.44 |
| Manuel Juarez Ramirez | $8,463.26 |
| Juana R. Mayoral Silva | $6,363.48 |

/ / /

### D. Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees of $52,627.50 for the work of their counsel in this matter. They also seek costs of $2,311.87 expended on this matter. Under the "American Rule", each party to a lawsuit ordinarily bears its own attorney fees unless there is express statutory authorization to award attorney fees. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The FLSA provides that in addition to any judgment, an employee is entitled to reasonable attorney fees and costs of the action. 29 U.S.C. § 216(b). Additionally, Plaintiffs are entitled to attorney fees under multiple state statutes: Cal. Lab. Code § 218.5; Cal Lab. Code § 226(e)(1); Cal. Lab. Code § 226(h); Cal. Lab. Code § 1194(a); Cal. Lab. Code § 1198.5(l); and Cal. Lab. Code § 2802(c).

Trial courts have broad discretion in determining the reasonableness of attorney fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

#### 1. Hourly Rates

The Supreme Court has explained that the loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984). The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez, 729 F.3d at 1205. The relevant community here is the Fresno Division of the Eastern District of California. The standard is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir.1986)).

Plaintiffs seek $515.00 for Ms. Rice, $365.00 for Ms. Banuelos, $275.00 for Ms. Cisneros, and $175.00 for Ms. Cortez. In their supplemental briefing, Plaintiffs cite to several cases to support their argument that the fees sought are within the prevailing rates in the Fresno

Division.  Plaintiffs cite to cases in which courts have used the lode star as a cross check in the context of a class action settlement to determine the reasonableness of the percentage of the settlement fund attorney fee award.  See Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 437 (E.D. Cal. 2013) (settlement of meat packing employment class action); Emmons v. Quest Diagnostics Clinical Laboratories, Inc., No. 1:13-cv-00474-DAD-BAM (E.D. Cal. Feb. 27, 2017) (Order Granting Final Approval of Class Action Settlement); Gong-Chung v. Aetna, No. 1:09-cv-01995-SKO, 2012 WL 2872788 (E.D. Cal. July 12, 2012) (same).  However, the Court finds that these cases do not establish what the prevailing rates are in the local community; and Plaintiffs have provided no evidence of the prevailing rates in the local economy.  Accordingly, the Court relies on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate.  Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011).

The Court has recently addressed prevailing rates in the local economy in a similar employment action and found that in the Fresno Division of the Eastern District of California, attorneys with experience of twenty or more years of experience are awarded $350.00 to $400.00 per hour.  See In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 839 (E.D. Cal. 2016); see also Torchia v. W.W. Grainger, Inc., 304 F.R.D. 256, 277 (E.D. Cal. 2014) (awarding attorney with twenty-five years of experience $380.00 per hour in wage and hour class action); Sanchez v. Frito-Lay, Inc., No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (finding reasonable rate for attorney with twenty years of experience was $350 per hour in a wage and hour class action); Torres v. Pet Extreme, No. 1:13-CV-01778-LJO, 2015 WL 224752, at *11 (E.D. Cal. Jan. 15, 2015), amended, No. 1:13-CV-01778-LJO, 2015 WL 648241 (E.D. Cal. Feb. 5, 2015) (finding $400.00 per hour reasonable hourly rate for experienced counsel in class action); Willis v. City of Fresno, No. 1:09-CV-01766-BAM, 2014 WL 3563310, at *12 (E.D. Cal. July 17, 2014) adhered to on reconsideration, No. 1:09-CV-01766-BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014) (awarding attorneys with over twenty five years of experience $380.00 per hour; Verduzco v. Ford Motor Co., No. 1:13-CV-

01437-LJO, 2015 WL 4131384, at *4 (E.D. Cal. July 9, 2015) report and recommendation adopted, No. 1:13-CV-01437-LJO, 2015 WL 4557419 (E.D. Cal. July 28, 2015) (awarding attorney with over 40 years of experience $380.00 per hour).

Courts in the Eastern District of California, Fresno Division, have found that the reasonable hourly rates for competent attorneys with less than fifteen years of experience are $250 to $350 per hour. White v. Rite of Passage Adolescent Treatment Centers and Schools, No. 1:13-cv-01871-LJO-BAM, 2014 WL 641083, at *5 (E.D. Cal. Feb. 18, 2014) (awarding $300.00 per hour for counsel with six years of experience in representation action under the California Private Attorney General Act of 2004); see Torchia, 304 F.R.D. at 277 (awarding attorney with seven years of experience $300.00 per hour in wage and hour class action); Sanchez, 2015 WL 4662636, at *18 ((finding reasonable rate for attorney with fourteen years of experience was $275.00 per hour in a wage and hour class action); Jones v. Lehigh Southwest Cement Co., Inc., No. 1:12-cv-00633-AWI, 2014 WL 346619, at *6 n.3 (E.D. Cal. Jan. 30, 2014) (awarding $280.00 and $215.00 per hour in employment action); Williams v. Ruan Transport Corp., No. 13-cv-01157-LJO, 2013 WL 6623254, at *6 (E.D. Cal. Dec. 16, 2013) (this Court awarded $375.00 per hour to attorney with over thirty years of experience and $325.00 per hour to attorney with fifteen years of experience in employment action).

Courts in this division find that the prevailing rate for an attorney with less than two years of experience would range from $125.00 to $200.00 per hour. See In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d at 845 (awarding attorney with less than two years of legal experience and less than six months in the practice area $125.00 per hour) Gerawan Farming, Inc. v. Rehrig Pac. Co., No. 1:11-CV-1273 LJO BAM, 2013 WL 6491517, at *11 (E.D. Cal. Dec. 10, 2013) (awarding $150.00 per hour for a new attorney who worked on a complicated patent dispute); Fitzgerald v. Law Office of Curtis O. Barnes, No. 1:12-CV-00071-LJO, 2013 WL 1627740, at *4 (E.D. Cal. Apr. 15, 2013) report and recommendation adopted, No. 1:12-CV-00071 LJO, 2013 WL 1896273 (E.D. Cal. May 6, 2013) (awarding attorney with one year of experience $200.00 per hour); Silvester v. Harris, No. 1:11-cv-2137 AWI-SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014) (awarding attorneys with one year experience $150.00 and $175.00 per

hour).

Ms. Cisneros is seeking $275.00 per hour for her time spent in this matter. Ms. Cisneros graduated from law school and passed the bar in 2012. (Decl. of Estella M. Cisneros ¶ 3, ECF No. 50-2.) She has been admitted to practice law in California since December 2012 and has been employed at California Rural Legal Assistance ("CRLA") as a fellow from 2012 to 2014 and as an attorney from 2014 to 2016. (Id. at ¶ 4.) Ms. Cisneros is now the Directing Attorney at CRLA and manages the Fresno office as well as her own caseload. (Id.) Based on Ms. Cisnero's five years practicing in the area of rural legal assistance, the Court determines that $275.00 per hour is a reasonable hourly rate for her services in this action.

Anali Cortez is seeking $175.00 per hour for her time spent in this matter. Ms. Cortez has been a licensed attorney since December 2015, and has been employed with CRLA since December 2016. (Id. at ¶ 13.) Although Ms. Cortez has been licensed since December 2015, there is no evidence she has any legal experience prior to working for the CRLA in December 2015. Based on Ms. Cortez one year of legal practice, the Court determines that $125.00 per hour is a reasonable rate of compensation for her services in this matter.

Blanca Banuelos is seeking $365.00 per hour for her time spent in this matter. Ms. Banuelos has been a licensed attorney in the State of California since 2004 and has worked with CRLA since 2004 in various capacities since that time. (Id. at ¶ 14.) She is the Co-Director of CRLA and is responsible for training and supervising eleven attorneys in six different CRLA offices. (Id.) Although Ms. Banuelos has not quite reached her fifteenth year of practice, her experience and position within CRLA demonstrate that she would be entitled to the upper limit of compensation for her years of experience. Based on Ms. Banuelos experience, the Court finds that $350.00 would be a reasonable rate of compensation for her services in this matter.

Cynthia Rice is seeking $515.00 per hour for her services in this matter. Ms. Rice is a part-time Director of Litigation, Advocacy and Training working for CRLA. (Id. at 17.) She has been licensed as an attorney since November 1979 and has been an employment rights advocate for 30 years and has worked for CRLA since 1986 originally as a directing attorney. (Id.) Based on Ms. Rice's experience and longevity in the legal profession, the Court finds that $425.00 per

hour would be reasonable compensation for her services in this matter.

2. <u>Reasonable Hours</u>

Plaintiffs seek attorney fees for 184.1 hours of work and have provided a detailed accounting of the time spent in this matter. (ECF No. 50-3.) Plaintiffs seek the total fees and costs incurred in this action minus the amount received from Defendant Singh. The Court has reviewed the time accounting and determines that the amount of time appears to be reasonable with the following exceptions.

Ms. Cisneros seeks fees for the following time spent related to contact with the media.

| 05/09/2016 | Convo w/EC & JP RE: press for lit | 0.5 |
|---|---|---|
| 05/13/2016 | Convo w/EC &JP Re: press release | 0.2 |
| 05/13/2016 | Edits to press release; trans. Spanish | 0.8 |
| 05/16/2016 | Convo w/JP RE Fresno Bee Story | 0.2 |
| 05/16/2016 | Convo w/JP RE AVC TV interview | 0.4 |
| 05/16/2016 | TC w/Fresno Bee reporter on complaint | 0.2 |
| 05/17/2016 | Prep w/JP RE: TV interview | 0.3 |
| 05/17/2016 | Travel to AVC for TV interview | 0.5 |
| 05/17/2016 | TV interview on AVC for litigation case | 0.8 |
| 05/18/2016 | Convo w/JP RE: press release | 0.4 |
| 05/19/2016 | Convo w/JP & NR RE: press | 0.5 |
| 05/24/2016 | Convo w/JP RE: media | 0.5 |
| 06/01/2016 | E-mails w/JP &EC RE: media | 0.3 |
| 06/02/2016 | Convo w/JP RE: media | 0.4 |
| 06/03/2016 | Convo w/JP RE: media | 3.6 |

This is a total of 9.6 hours of fees that Ms. Cisneros is seeking related to media. The time Ms. Cisneros spent setting up interviews, discussing interviews, and participating in interviews are not necessarily incurred in this litigation and should be excluded from the application. <u>Hensley</u>, 461 U.S. at 434. Therefore, the Court finds that 9.6 hours should be subtracted from

Ms. Cisneros time, leaving a balance of 152.7 hours to be compensated.

Additionally, time has been sought for preparing for, participating in, and completing the settlement with Defendant Singh. While Plaintiffs argue, and the Court agrees, that attorney fees are joint and severable and comparative fault is not a basis to apportion fees, in this instance, Plaintiffs are seeking to have the defaulting defendants bear the cost of the settlement with Defendant Singh. Accordingly, the Court finds a 10 percent cut to the number of hours is appropriate in this matter. A court can impose a reduction up to 10 percent based on discretion and without a more specific explanation. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

Based on the foregoing, the Court finds that the following hours were reasonably expended in this action. Blanca Banuelos reasonably expended 16.74 hours in this matter.[12] Estella Cisneros reasonably expended 137.61 hours in this matter.[13] Anali Cortez reasonably expended 1.17 hours in this matter.[14] Cynthia Rice reasonably expended 1.71 hours in this matter.[15]

### 3. Reasonable Attorney Fees

In order to determine the attorney fees dues, the Court multiplies the reasonable hourly rates for each attorney by the reasonable number of hours that each attorney spent on this matter.

| Attorney | Hourly Rate | # of Hours | Amount Due |
| --- | --- | --- | --- |
| Blanca Banuelos | $350.00 | 16.74 hours | $5,859.00 |
| Estella Cisneros | $275.00 | 137.43 hours | $37,793.25 |
| Anali Cortez | $125.00 | 1.17 hours | $146.25 |
| Cynthia Rice | $425.00 | 1.71 hours | $726.75 |

The Court recommends that Plaintiffs be awarded attorney fees of $44,525.25 for the time that Plaintiffs' counsel spent on this matter.

---

[12] 18.6 hours less 1.86 hours
[13] 152.7 less 15.27 hours
[14] 1.3 less .13 hours
[15] 1.9 less .19 hours

4.      Costs

Plaintiffs seek $2,311.87 in costs. Plaintiffs attach a case expense log itemizing expenses. (ECF No. 38-20 at 8.) However, they do not attach any receipts, declarations, or other support for the costs in the spreadsheet (costs are for filing fee, postage, service of process, deposition, and interpreter for deposition). Based upon review of the docket, Plaintiffs paid a filing fee of $400.00 in this action. (ECF No. 1.) The Court finds that the charge for service of process on the three defendants on May 15, 2016, for $231.35 is reasonable. (ECF No. 38-20 at 8.) The Court also finds that the postage costs of $45.99 appear reasonable. (Id.)

However, the Court finds that Plaintiffs have failed to demonstrate that the remaining items listed on the expense log were reasonably expended in this litigation. There is a charge for service of process that was cancelled as it was due to a bad address. At the November 22, 2017 hearing, Plaintiffs indicated that the bad service was their counsel's fault, and therefore, the Court finds that Plaintiffs should not be awarded this cost.

Plaintiffs also seek costs for depositions, but they failed to provide any supporting documentation which the Court can review. Courts find that not all fees incurred in the taking of depositions are taxable to the opposing party. See Frederick v. City of Portland, 162 F.R.D. 139, 146 (D. Or. 1995); Blanton v. County of Sacramento, No. 2:09-cv-01832-MCE-CKD, 2013 WL 3283216, at *2 (E.D. Cal. June 27, 2013); Davila v. County of San Joaquin, No. 2:06-cv-02691-LKK-EFB, No. 2012 WL 1669640, at *3 (E.D. Cal. May 11, 2012); Thein v. Feather River Community College, 2013 WL 4012637, at *3 (E.D. Cal Aug. 6, 2013); McKesson Info. Solutions, Inc. v. Bridge Med., Inc., No. civ. S-02-2669 FCD KJM, 2007 WL 1139557, at *1 (E.D. Cal. April 17, 2007); Cargill Inc. v. Progressive Dairy Solutions, Inc., No. 1:07-cv-0349-LJO-SMS, 2008 WL 5135826, at *4 (E.D. Cal. Dec. 8, 2008). Accordingly, Plaintiffs have not demonstrated that the costs they are seeking are taxable to the defendants in this action because they have failed to include documentation. Therefore, the Court recommends that all costs associated with depositions be denied.

Based on the foregoing, the Court recommends that Plaintiffs be awarded costs in the amount of $677.34 in this action.

# IV.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for entry of default judgment should be GRANTED IN PART;

2. Judgment be entered in Plaintiffs favor and against Defendants Rafael Villafan and Demi Ag, Inc.;

3. Plaintiffs be awarded damages totaling $101,313.70;

4. Plaintiffs be awarded attorneys' fees in the amount of $44,525.25;

5. Plaintiffs be awarded costs in the amount of $677.34; and

6. The total award be reduced by the $25,000.00 paid due to the settlement with Defendant Singh.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __December 29, 2017__

_____
UNITED STATES MAGISTRATE JUDGE