UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIANO JUAREZ, et al., | No. 1:16-cv-00688-DAD-SAB |
| Plaintiffs, | |
| v. | ORDER ADOPTING AND MODIFYING FINDINGS AND RECOMMENDATIONS |
| RAFAEL VILLAFAN, et al., | (Doc. Nos. 37, 38, 39, 50, 53, 54) |
| Defendants. | |

Plaintiffs filed the complaint in this action on May 13, 2016. (Doc. No. 1.) On September 27, 2016, the Clerk of the Court entered default against defendants Rafael Villafan and Demi Ag. Inc. (Doc. Nos. 17, 18.)

On October 6, 2017, plaintiffs filed a motion for entry of default judgment against defendants Rafael Villafan and Demi Ag. Inc. that was referred to the United States Magistrate Judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. Nos. 37–39.)[1] On December 8, 2017, plaintiffs filed a supplement in support of their motion for default judgment. (Doc. No. 50.)

On December 29, 2017, the magistrate judge issued findings and recommendations recommending that plaintiffs' motion for default judgment be granted in large part, but denied to

---

[1] Plaintiffs reached a settlement with defendant Sangha Sundip Singh, who was subsequently dismissed from this action. (Doc. Nos. 43, 48.)

1

the extent plaintiffs sought the award of costs associated with depositions taken in connection with the litigation because plaintiffs had failed to provide any documentation such as receipts and declarations supporting the award of such costs. (Doc. No. 53 at 36.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concurs with and adopts the findings, conclusions, and recommendations of the magistrate judge, except as indicated below.

In their objections filed January 12, 2018, plaintiffs object only to the recommendation that the award of costs associated with depositions taken in this action be denied. (Doc. No. 54.) With their objections plaintiffs' counsel has now submitted a declaration as well as invoices in support of their request to be awarded the reasonable costs associated with two depositions taken in this litigation. (Doc. Nos. 54-1, 54-2.) No reply to these objections has been filed.

In consideration of the supplemental documentation now provided by the plaintiffs, the court will award plaintiffs' the costs associated with these two depositions. Title 28 U.S.C. § 1920(2) permits taxation for the costs of reproducing printed or electronically recorded transcripts necessarily obtained for the case, as well as compensation of interpreters. Section 1920(6) of Title 28, meanwhile, provides for compensation of interpreters where reasonably necessary to conduct depositions. The court finds that the costs incurred by plaintiffs in connection with the depositions of defendant Sangha Sundip Singh, and the deposition and interpreter costs in connection with the deposition pf Justino Garcia—plaintiffs' supervisor and an agent for defendant Villafan—were reasonably and necessarily incurred. *See Terry v. Allstate Ins. Co.*, No. S-05-2261-RRB-DAD, 2007 WL 3231716, at *3 (E.D. Cal. Nov. 1, 2007) ("Costs for deposition transcripts and transcripts from other court proceedings are taxable only if they were 'necessarily obtained' for use in the case."); *see also EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."). The documentation presented by plaintiffs with their objections establish that they expended a total of $1,398.25 for the transcripts of the two depositions and interpreter services for the deposition of Mr. Garcia. (Doc. No. 54-2.) The court will award these additional costs to the plaintiffs,

resulting in a total award of costs in the amount of $2,075.59.  The court adopts the findings and recommendations in all other respects.

Accordingly,

1. The findings and recommendations issued December 29, 2017 (Doc. No. 53) are adopted except as indicated above;

2. Plaintiffs' motion for entry of default judgment (Doc. No. 37) is granted;

3. Judgment is entered in favor of plaintiffs Octaviano Juarez, Angel Mendez Mendez, Noe Moises Ramirez Salazar, Patricio Reyes Venegas, Alejandro Rivera Fonseca, Daniel Ramirez Cuevas, Sergio Gomez Gonzales, Arturo Santos, Abel B. Isidro, Pablo Lopez Cruz, Angelina B. Isidro, Honorina Cruz Salinas, Rolando Juarez Martinez, Manuel Juarez Ramirez and Juana Mayoral Silva, and against defendants Rafael Villafan and Demi Ag. Inc.;

4. Plaintiffs are awarded damages totaling $101,313.70 as detailed in the following table:

| | |
|---|---|
| Octaviano Juarez | $6,875.28 |
| Angel Mendez Mendez | $6,712.46 |
| Noe Moses Ramirez Salazar | $6,018.40 |
| Patricio Reyes Venegas | $7,873.24 |
| Alejandro Rivera Fonseca | $6,018.40 |
| Daniel Ramirez Cuevas | $9,101.51 |
| Sergio Gomez Gonzalez | $6,477.20 |
| Arturo Santos | $3,966.22 |
| Abel B. Isidro | $6,222.92 |
| Pablo Lopez Cruz | $6,993.90 |
| Angelina B. Isidro | $6,878.72 |
| Honorina Cruz Salinas | $6,806.24 |
| Rolando Juarez Martinez | $6,542.44 |

3

| Manuel Juarez Ramirez | $8,463.26 |
| Juana Mayoral Silva | $6,363.48 |

5. Plaintiffs are awarded attorneys' fees in the amount of $44,525.25;

6. Plaintiffs are awarded costs in the amount of $2,075.59;

7. The total award is reduced by the $25,000.00 paid due to the settlement with defendant Singh; and

8. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 13, 2018**                              _Dale A. Drozd_
                                                                        UNITED STATES DISTRICT JUDGE

4